No. 50,051

DENNIS FENN and VERNON K. HAMMOND, *Appellees,* v. WINDSOR AT KINGSBOROUGH, INC., *Appellant.*

(603 P.2d 188)

Opinion filed December 1, 1979.

*Richard V. Foote,* of Matlack, Foote, Scott, Joseph & Wilkinson, P.A., of Wichita, argued the cause, and *Ben Rishel,* of the same firm, was with him on the brief for the appellant.

*Lester A. Holloway,* of Vaughn, Updegraff, Allison & Holloway, of Wichita, was on the brief for the appellees.

*Per Curiam:* This is a landlord and tenant action wherein the tenants sought the return of their security deposit and the landlord counterclaimed for recovery of damages for lost rent and costs incurred in restoring the premises to rentable condition. The trial court denied the claim for lost rent and defendant has appealed.

The facts in this case are not in dispute. On May 2, 1977, Dennis Fenn and Vernon K. Hammond, hereinafter referred to as plaintiffs, entered into a written lease agreement with Windsor at Kingsborough, hereinafter referred to as defendant, for occupancy of a premises known as 2738 South Seneca, Apartment Z-10, Wichita, Kansas. The term of the lease was to expire April 30, 1978. The monthly rental was $220.00. The plaintiffs deposited with the defendant a security deposit of $200.00 at the commencement of the lease agreement. The lease agreement provided, *inter alia,* that the security deposit could be applied:

"[A]t the option of the Landlord, to the payment of accrued rent, to the amount of damages which the Landlord may suffer by reason of the Tenant's noncompliance with Section 16 of the Kansas Residential Landlord and Tenant Act, or any other obligation of the Tenant, under the terms of this rental agreement."

The lease further provided:

"[T]he Tenant . . . shall not engage in any conduct or allow any person . . . on the premises with the express or implied permission or consent

of the Tenant to engage in conduct that will disturb the quiet and peaceable enjoyment of the premises by other tenants."

The lease contained the following provisions for termination of the rental agreement:

"If the tenant is in material noncompliance with any terms of this rental agreement, other than the nonpayment of rent, the Landlord may deliver a written notice to the Tenant specifying the acts and omissions constituting a breach and informing the Tenant that the Tenant's right to possession will terminate upon a date specified in said notice which shall be not less than thirty (30) days after receipt of the notice. The Tenant's right to possession will then terminate as of the date provided in said notice if the Tenant fails to remedy said breach within fourteen (14) days, or, where the breach is redeemable by repairs or the payment of damages or otherwise, unless the Tenant adequately initiates a good faith effort to remedy the breach prior to the date specified in the notice. . . . Tenant shall remain obligated to the Landlord for all damages to which Landlord may be entitled, including that of past due and future rent, which may be caused by Tenant's breach of any of the covenants and conditions of this rental agreement."

About three months after plaintiffs took possession, Mr. Hammond moved out and, with the consent of the landlord, Mr. Fenn's brother, Mark A. Fenn, moved in. Mark A. Fenn did not sign the lease agreement. Dennis Fenn signed the original lease with Mr. Hammond, and testified that he had read and understood all parts of the lease.

The plaintiffs admit that they and their friends were loud and a little rowdy at times. They had friends at their apartment about three nights a week. At such times they would drink beer and play their stereo. They had a suspicion some of their neighbors might be complaining. The friends raced their cars in the parking lot. They understood that the landlord could not tolerate such behavior.

Peter Lott, the manager of the apartment complex, addressed an eviction notice to the plaintiff, Dennis Fenn, on September 7, 1977. It reads:

"YOU ARE HEREBY NOTIFIED that within 30 days you must quit and surrender possession of the following described premises to-wit:

2738 South Seneca Apt. Z-10
Wichita, KS 67217

due to continuing loud and disruptive behavior, both in and around said premises by the occupants and friends of the above mentioned apartment."

The tenants moved out of the apartment on or about October 1. The apartment in question was rerented effective November 5, 1977. The plaintiffs had paid rent to September 30, 1977, but did

not pay rent for the month of October. In response to their demand for the return of their security deposit, the defendant gave notice that the deposit was being applied to actual damages in the sum of $168.00, rent of $220.00 for the month of October, 1977, and $29.00 prorated rent for the month of November, 1977, until the apartment was rerented.

The plaintiffs filed suit for the return of their security deposit. The defendant answered, denying the claim of the plaintiffs, and counterclaimed for the actual damages as set out above, and damages for lost rent in the amount of $249.00. The defendant indicated that it applied plaintiffs' security deposit of $200.00 on October 3, 1977, and prayed for judgment in its counterclaim against the plaintiffs for a total of $217.00.

The court found that the defendant had just reason to terminate the tenancy, and further found that the rent for the month of October was not paid. It allowed all damages for costs incurred in restoring the apartment to rentable condition prayed for by the defendant in its counterclaim. However, it disallowed the claim of the defendant for damages for lost rent. As a result, plaintiffs were given judgment against the defendant for the difference between their security deposit and the actual damages, or $32.00. It is from that judgment that the defendant appeals.

Defendant-appellant urges this court to consider the question of whether a landlord, who terminates the possession of a tenant because of a breach of the written lease agreement by the tenant, can recover as damages the amount of rent lost from the time the tenant vacates the premises until either the expiration of the lease or until the apartment is rerented.

We would conclude, perhaps so, if all the pertinent provisions of the lease and the Kansas Residential Landlord and Tenant Act were satisfied.

This case is governed by the Kansas Residential Landlord and Tenant Act. The act is based in part upon the Uniform Residential Landlord-Tenant Act. The origin and general provisions of the Kansas act are discussed by this court in *Clark v. Walker*, 225 Kan. 359, 590 P.2d 1043 (1979). The provision in the act as to notice, K.S.A. 1978 Supp. 58-2564(*a*), reads:

"(*a*) Except as otherwise provided in this act, if there is a material noncompliance by the tenant with the rental agreement or a noncompliance with K.S.A. 58-2555 materially affecting health and safety, the landlord may deliver a *written notice to the tenant specifying the acts and omissions constituting the breach and*

that the rental agreement will terminate upon a date not less than thirty (30) days after receipt of the notice, if the breach is not remedied in fourteen (14) days. The rental agreement shall terminate as provided in the notice regardless of the periodic rent-paying date, except that if the breach is remediable by repairs or the payment of damages or otherwise, and the tenant adequately initiates a good faith effort to remedy the breach prior to the date specified in the notice, the rental agreement will not terminate. However, in the event that the same or a similar breach occurs after the fourteen-day period provided herein, the landlord may deliver a written notice to the tenant that the rental agreement will terminate upon a date not less than thirty (30) days after receipt of the notice without providing the opportunity to remedy the breach. The rental agreement then shall terminate as provided in such notice regardless of the periodic rent-paying date." (Emphasis supplied.)

It will be noted that the notice and termination provisions in the lease are somewhat similar to the provisions of the statute. In this case the notice sent plaintiffs by defendant failed to state that plaintiffs had 14 days to remedy the breach. The notice simply told them that they had 30 days to surrender possession due to "continuing loud and disruptive behavior." The conduct of the renters, while undisputably a breach of the lease agreement, clearly was remediable as provided in both the lease and the statute. The notice was defective in failing to include a statement of the plaintiffs' right to remedy their breach.

The provisions of the statute specifically require written notice specifying: (1) the omission constituting the breach; (2) the 30 day termination of the lease; and (3) the right to remedy the breach within 14 days.

Our search has discovered no cases dealing with this issue and none have been cited.

We find the rule stated in 58 Am. Jur. 2d, Notice § 23, p. 505:

"A written notice should be clear, definite, and explicit and not ambiguous. A notice which is ambiguous, misleading, and unintelligible to the average person who is to be affected by it is insufficient. Where a statute requires that one party give the other notice in order to establish rights and obligations, the notice must state the facts required by law; and in determining what facts must be stated the legislative intent must be ascertained from all the terms of the statute, related statutes, common sense, and sound reasoning." (Emphasis supplied.)

The written notice which we are considering gave the lessees no alternative, it simply stated "within thirty days you must quit and surrender possession."

We must agree with the trial court—the action of the defendant, in failing to give proper notice, terminated the rental agreement

effective the date the plaintiff vacated the premises—October 1, 1977. Defendant is not entitled to recover rent accruing after the date the lease was cancelled by notice which failed to comply with the statute.

The judgment is affirmed.

FROMME, J., not participating.

SCHROEDER, C.J., dissenting: In my opinion the Court is applying its construction of K.S.A. 1978 Supp. 58-2564(*a*) too severely on the facts in this case. I agree with the construction of the statute, but the written lease itself specifically stated upon giving the thirty (30) day notice that: "The Tenant's right to possession will then terminate as of the date provided in said notice *if the Tenant fails to remedy said breach within fourteen (14) days . . . .*" (Emphasis added.) The Court's opinion unreasonably attributes *stupidity* to the class of persons who are *tenants.*

It is respectfully submitted on the facts in this case the landlord should be permitted to recover as damages the amount of rent lost from the time the tenant vacates the premises until either the expiration of the lease or until the apartment is rerented, whichever is first to occur.